UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN CURLEY,<br><br>                    Plaintiff,<br><br>          v.<br><br>RAJA DUTTA,<br><br>                    Defendant. | No. 2:17-cv-0105 WBS AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 6. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
§ 1915(b)(2).

II. <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a

////

2

suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint alleges that plaintiff's Fourteenth Amendment rights were violated by defendant Raja Dutta, M.D. ECF No. 1. On July 19, 2016, defendant interviewed and diagnosed plaintiff with Bipolar Affective Disorder. Id. at 3-4. Plaintiff claims that defendant asked him to sign a medication consent form to take Risperdal orally, but he disagreed with the new diagnosis and initially refused to sign. Id. at 4. Upon plaintiff's refusal, defendant threatened to file for a Keyhea order[1] against plaintiff if he continued to refuse medication. Id. Plaintiff signed the consent under duress in order to avoid being "forced to take any psychotic [sic] medication via 'hot shot.'" Id.

The following day, despite plaintiff's written consent to take medication orally, plaintiff received an Involuntary Medication Notice. Id. at 5. In the form, defendant checked that plaintiff was a "Danger to Self" and "Gravely Disabled and Lack[ed] Capacity to Refuse Treatment." Id. at 5, 23. Plaintiff claims defendant's finding was false and unnecessary because he was not a

---

[1] In Keyhea v. Rushen, the California Court of Appeals upheld a consent decree that "enjoined the State from subjecting prisoners to long-term involuntary medication without adhering to certain of the procedural requirements contained in specified provisions of the Lanterman-Petris-Short Act (Welf. & Inst. Code, §§ 5000 et seq.) (hereafter LPS) and the Probate Code." 178 Cal. App. 3d 526, 532, 542 (1986).

danger and had consented to taking the medication orally. Id. at 5-6. On August 4, 2016, plaintiff attended an involuntary medication hearing where an order was issued granting defendant's request to involuntary medicate plaintiff. Id. at 6. Plaintiff alleges that defendant perjured himself during the hearing. Id. at 6. Approximately ten minutes after the hearing, defendant ordered that plaintiff receive "a Risperidal [sic] 'Hot Shot,'" which was given against his will. Id. Plaintiff claims the "Hot Shot" left him in a "comatose-zombie like state." Id. Defendant ordered that plaintiff be involuntarily medicated on four additional occasions, and each time he suffered from a "comatose-zombie like state." Id. at 3, 6-7.

IV.     Substantive Due Process Claim

"The extent of a prisoner's right under the [Due Process] Clause to avoid the unwanted administration of antipsychotic drugs must be defined in the context of the inmate's confinement." Washington v. Harper, 494 U.S. 210, 222 (1990). "[G]iven the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interests." Id. at 227. In the context of involuntary medication, the court considers three of the factors used to determine the reasonableness of a prison policy particularly relevant: (1) whether there is "a valid, rational connection between the prison regulation and the legitimate governmental interest;" (2) the impact on guards and other inmates when the asserted constitutional right is accommodated; and (3) "the absence of ready alternatives." United States v. Loughner, 672 F.3d 731, 745 (9th Cir. 2012) (internal quotation marks omitted) (quoting Harper, 494 U.S. at 224-25).

Plaintiff claims defendant violated his constitutional rights by ordering an involuntary shot when he was not a danger to himself and "he was not feeling suicidal or had not communicated to any staff that he was feeling suicidal while at the institution" on the day of his initial interview with defendant. ECF No. 1 at 3, 5. Plaintiff further alleges that his consent to oral medication established a readily available and less extreme alternative. Id. These allegations are sufficient at the screening stage to state a claim that defendant violated plaintiff's rights under the Fourteenth

////

4

Amendment by involuntary medicating him through forced injections. Defendant will therefore be required to respond to this portion of the complaint.

Plaintiff also alleges that defendant threatened him to get him to sign the voluntary agreement to take medication orally, thereby forcing plaintiff to give up his right to bodily integrity against his will. Id. at 4-5. A coerced agreement to take medication orally constitutes involuntary medication, even if the method is less extreme than a forced, involuntary injection. See United States v. Williams, 356 F.3d 1045, 1053 n.10 (9th Cir. 2004) (citations omitted). However, because it does not appear that plaintiff ever took the medication orally, he cannot demonstrate that he was injured by such conduct. Accordingly, he has not stated a claim arising from the coerced consent for oral medication.

V. Procedural Due Process Claim

"The procedural protections required by the Due Process Clause must be determined with reference to the rights and interests at stake in the particular case." Harper, 494 U.S. at 229 (citations omitted). Although the Supreme Court has not set out the minimum procedural safeguards necessary for involuntary medication, the court has found procedures to be adequate when a prisoner is provided with "notice, the right to be present at an adversary hearing, and the right to present and cross-examine witnesses." Id. at 235 (citing Vitek v. Jones, 445 U.S. 480, 494-96 (1980)). The court also found it important that the prisoner be afforded an unbiased decisionmaker, and that the independence of the decisionmaker is satisfied when the procedures provide that "[n]one of the hearing committee members may be involved in the inmate's current treatment or diagnosis." Id. at 233. When a procedural error occurs that is later corrected through the administrative process, no compensable due process violation exists. See Frank v. Schultz, 808 F.3d 762, 764 9th Cir. 2015) (citations omitted); Zacharie v. Chirila, 362 F. App'x 586, 587 (9th Cir. 2010) (citing Zinermom v. Burch, 494 U.S. 113, 126 (1990) (holding that a constitutional violation is not complete "unless and until the State fails to provide due process" within the established administrative or statutory scheme)).

In this instance, plaintiff does not allege any defects in the hearing process, even though he claims defendant perjured himself. Plaintiff also does not claim that defendant was a

5

decisionmaker at the hearing or that the decisionmakers on the committee knew defendant was lying. Accordingly, plaintiff does not state a claim for denial of procedural due process with respect to the involuntary injections.

Plaintiff also appears to allege he was denied procedural due process when he was threatened to sign the consent form by defendant. However, there are no facts showing that plaintiff ever took the medication orally, and he was later given a hearing for an involuntary medication order. It therefore appears that any procedural defects were cured. Accordingly, plaintiff's allegations are insufficient to state a claim for denial of procedural due process in light of his failure to state factual allegations which indicate that the hearing was inadequate or the hearing committee was aware of defendant's perjury.

VI.   Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state a cognizable claim against defendant Dutta for violating plaintiff's substantive due process rights with respect to involuntary oral medication or for violating any of his procedural due process rights. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant Dutta on his substantive due process claim related to involuntary injections, or he may delay serving defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his substantive due process claim based on involuntary medication through injections without amending the complaint, the court will proceed to serve the complaint. If plaintiff chooses not to amend the complaint, he will be voluntarily dismissing without prejudice the substantive due process claims based on involuntary oral medication and all of the procedural due process claims.

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.

6

Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.   Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the complaint state claims against defendant Dutta and some do not. Your claim against defendant Dutta for ordering involuntary injections even though you were not a danger to yourself and agreed to take the medication orally states a claim and will require an answer. The claims against Dutta for threatening you to take the medication do not state a claim because the facts do not show that you took the medication and it appears the proper procedures were followed for giving you involuntary injections. Your claims that defendant committed perjury do not state claims for denial of the proper procedures because the facts do not show that he was part of the committee or that the committee knew he was lying.

You have a choice to make. You may either (1) proceed immediately on your claim against defendant Dutta for ordering you to get involuntary shots even though you were not a danger to yourself and you had agreed to take the medication orally, and voluntarily dismiss the other claims; or (2) amend the complaint and try to fix your other claims. If you want to go

forward without amending the complaint, you will be voluntarily dismissing without prejudice all other claims against defendant Dutta. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims and information not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for service to be completed).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. All of plaintiff's procedural due process claims and his substantive due process claims related to oral medication against defendant Dutta do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his substantive due process claim against defendant Dutta related to receiving involuntary injections as set forth in Section IV above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, it will be recommended that all of plaintiff's procedural due process claims and his substantive due process claims related to oral medication be dismissed without prejudice.

DATED: July 8, 2019.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN CURLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>RAJA DUTTA,<br><br>    Defendant. | No. 2:17-cv-0105 WBS AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately against defendant Dutta on his claim for violations of substantive due process related to involuntary injections without amending the complaint. Plaintiff understands that by going forward without amending the complaint, he is voluntarily dismissing without prejudice his claims against defendant Dutta for substantive due process violations related to involuntary oral medication and all procedural due process violations.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                     Kevin Curley
                                                     Plaintiff pro se