UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN CURLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAJA DUTTA,<br><br>　　　　　Defendant. | No. 2:17-cv-0105 WBS AC P<br><br><br>ORDER |

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

1

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff seeks appointment of counsel on the grounds that his imprisonment will greatly limit his ability to litigate, the issues are complex and will require significant research and investigation, he has limited law library access and knowledge of the law, and an attorney would be better able to present evidence and cross examine witnesses. ECF No. 37 at 1-2. Plaintiff has previously been advised that these circumstances are common to most prisoners and therefore do not warrant the appointment of counsel. ECF No. 28 at 2. Furthermore, it has not yet been determined that this case will go to trial, so any request for counsel based upon trial needs is premature. Finally, although plaintiff also alleges that the prison he is housed at is under lockdown and running on a modified program due to the coronavirus, further limiting his law library access, this situation is currently common to most prisoners. Additionally, it is not clear that requests for extensions of time, as needed, would be unable to address the delays plaintiff is experiencing in his access to the law library without the need to appoint counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel, ECF No. 37, is denied.

DATED: March 31, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE